SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Attorneys for Defendant
RALPHS GROCERY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Bouyer,<br><br>    Plaintiff,<br><br>  v.<br><br>Ralphs Grocery Company, a Delaware Limited Liability company, and Does 1-10, inclusive,<br><br>    Defendants. | Case No. 2:20-cv-02194-CJC-MRW<br>Hon. Cormac J. Carney, 9B<br><br>**DEFENDANT RALPHS GROCERY COMPANY'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>**Date:** December 7, 2020<br>**Time:** 1:30 p.m.<br>**Ct. Rm.:** 9B<br><br>Action Filed:  March 6, 2020<br>Trial:         None Set |

## I. INTRODUCTION

Plaintiff Anthony Bouyer ("Plaintiff") -- a serial litigant who has filed a myriad of disability access lawsuits-- has brought this form lawsuit against Ralphs Grocery Company ("Defendant") alleging that the property located at 17840 Ventura Boulevard, Encino, California violates the ADA.[1]   In particular, Plaintiff alleges that there is a built-up curb ramp in the access aisle of the accessible parking space that exceeds the maximum slope requirements allowed by the ADA. (Complaint ¶12).

As explained below, the Court should grant Defendant's motion for summary judgment for several, independent reasons.  First, Plaintiff's ADA claim is moot as the built-up curb ramps have been removed.  Second, Plaintiff's ADA claim fail because he cannot establish the construction/ alteration history of the alleged barriers or show that it is readily achievable to remedy them.

## II. STATEMENT OF FACTS

### A. Plaintiff's Allegations.

Plaintiff is a professional litigant who has filed a myriad of ADA lawsuits.  In this form lawsuit, Plaintiff alleges that the subject property violates the ADA because there is a built-up curb ramp in the access aisle that exceeds the maximum slope requirements allowed by the ADA.  [SUMF 1] (Complaint ¶12).

## III. ARGUMENT

### A. Plaintiff's *Prima Facie* Case.

In order to establish a *prima facie* case under the ADA in an architectural barrier case, Plaintiff must show that: (1) Plaintiff is a qualified individual with a disability; (2) Defendant owned, leased, or operated a place of public accommodation; (3) the place of public accommodation was in violation of one or

---

[1] The Court declined supplemental jurisdiction over Plaintiff's state-law claim. (Docket 12).

more construction-related accessibility standards; (4) the conventional building industry tolerances for field construction at the time of construction or alteration; and (5) the violations denied Plaintiff full and equal access to the place of public accommodation. *Cherry v. City of College of San Francisco*, 2006 WL 6602454, *9 (N.D. Cal. 2006).

### B. Plaintiff's ADA Claim Is Moot.

#### 1. Legal Standard.

Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*." *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001). "The question is whether there can be any effective relief." *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000). "Past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Renne v. Geary*, 501 U.S. 312, 320-21 (1991). "This requisite ensures that the courts are able to grant effective relief, rather than rendering advisory opinions." *Medical Society of New Jersey v. Herr*, 191 F. Supp. 2d 574, 581 (D.N.J. 2002).

It is well-established that a defendant's remedial efforts will render a plaintiff's access claims for injunctive relief moot:

> "The only remedy available for a violation of the Americans with Disabilities Act under a private right of action is injunctive relief. Accordingly, if no ADA violations exist at the time the court is asked to provide injunctive relief, the ADA claim is moot because there is no basis for relief and there is nothing for the court to order the facility to change."

*Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist. LEXIS 96929, *4 (C.D. Cal. 2006).

For these reasons, courts routinely dismiss access claims as moot when defendants modify noncompliant items. *See*, *e.g.*, *Brother v. CPL Invts., Inc.*, 317 F. Supp. 2d 1358 (S.D. Fla. 2004) (holding that the defendant's modifications to the hotel rendered the plaintiffs' barrier claims moot); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (holding that the defendants' modifications to the restroom rendered the plaintiff's access claims moot); *Martinez v. Longs Drug Stores Corp.*, 281 Fed.Appx. 712, *714, 2008 WL 2329712, *1 (9th Cir. Jun. 5, 2008) (upholding district court's dismissal of access claims as moot because the defendant had remedied all barriers); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) ("Plaintiff concedes, as she must, that defendants' latest remedial efforts have rendered her ADA claim for injunctive relief moot."); *Wilson v. PFS*, 2007 WL 2429391, **1-2 (S.D. Cal. 2007) (holding that the defendant's modifications to its restaurant rendered the plaintiff's access claims moot); *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (dismissing plaintiff's access claims as moot because alleged violations had been corrected); *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F.3d 1276, 1286 (11th Cir. 2004) (holding that defendant county's voluntary installation of audio devices in all voting precincts rendered the access class action by visually-impaired registered voters moot).

### 2. **Built-Up Curb Ramp.**

Plaintiff's ADA claim is moot. Although built-up curb ramps used to be allowed, the current ADA accessibility standards no longer allow them. After Plaintiff's complaint was filed, Defendant hired a paving company to remove the built-up curb ramps. Now that the built-up curb ramps have been removed, the accessible parking spaces presently comply with the current accessibility standards of the ADA. [SUMF 2¶] (McKinney Decl. ¶2; Exhibit A to McKinney Decl.).

-4-

### C. Plaintiff's ADA Claim Fails Because He Cannot Establish The Construction/Alteration History Of The Alleged Barriers Or Show That It Is Readily Achievable To Remedy Them.

A property's obligation to comply with the ADA depends on its construction and alteration history. For new construction or alterations after July 26, 1993 and before September 15, 2010, the 1991 Standards apply. For new construction or alterations on or after September 15, 2010 and before March 15, 2012, the 1991 Standards or the 2010 Standards apply. For new construction or alterations on or after March 15, 2012, the 2010 Standards apply. 28 C.F.R. § 36.406. For existing facilities built before January 26, 1992, the lenient "readily achievable" standard applies. In other words, the dates on which the features of a property were constructed or altered determine which applicable design standards, were in effect at that time and also identify the standards that a plaintiff must prove were not followed by the defendant. *See, e.g., Association For Disabled Americans v. City of Orlando,* 153 F.Supp.2d 1310, 1317-1318 (M.D. Fla. 2001).

Without the construction/alteration history, a plaintiff cannot prove any violations. *See, e.g., Blackwell v. City and County of San Francisco*, 506 Fed.Appx. 585 (9th Cir. 2013) (district court properly granted defendant's summary judgment motion on plaintiff's disability access claim because plaintiff could not establish applicable construction standards because he did not have sufficient information regarding the construction/alteration history of the subject property); *Disabled Americans For Equal Access, Inc. v. Compra Hospital Pavia, Inc.,* 2004 WL 5568603 (D. Puerto Rico. 2004) (denying plaintiff's unopposed motion for summary judgment in disability access case because plaintiff failed to submit information regarding the construction/alteration history of the subject property);*Gray v. JP Morgan Chase Bank*, 2012 WL 1340315, *3 (C.D. Cal. Apr.

18, 2012) (dismissing disability access claims because the plaintiff failed to allege any facts showing which building code applied).

The ADA defines "readily achievable" as easily accomplishable and able to be carried out without much difficulty or expense. 42 U.S.C. § 12181. The ADA further sets out several factors that must be considered in determining whether the removal of architectural barriers is readily achievable: (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity with respect to the number of its employees; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. *Id.* In terms of burden of proof, "to satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances" when considering the above statutory factors. *Lopez v. Catalina Channel Express, Inc.*, No. 19-55136 (9th Cir. Sept. 10, 2020).

In this case, Plaintiff cannot establish the construction/alteration history of the alleged barriers or meet his readily achievable burden. Plaintiff admittedly has no information on the construction/alteration history of the alleged barriers. [SUMF 3] (Plaintiff's Response to Defendant's Document Request No. 16, attached as Exhibit A to Chilleen Decl.). Similarly, Plaintiff has not propounded any discovery in this case at all, much less on the statutory factors of the readily achievable analysis. [SUMF 4] (Chilleen Decl. ¶2; Plaintiff's Response to Defendant's Document Request No. 9, attached as Exhibit A to Chilleen Decl.; Plaintiff's Response to

Defendant's Interrogatories Nos. 15 and 16, attached as Exhibit B to Chilleen Decl.).

Under these circumstances, Plaintiff has utterly failed to show any ADA violations or meet his readily achievable burden.

## IV. CONCLUSION.

For the above reasons, Defendant respectfully requests that the Court grant its motion for summary judgment and dismiss Plaintiff's lawsuit in its entirety.

Dated: November 9, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Michael J. Chilleen*
GREGORY F. HURLEY
MICHAEL J. CHILLEEN
Attorneys for Defendant
RALPHS GROCERY COMPANY