# Exhibit A

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff ANTHONY BOUYER

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual<br><br>Plaintiff,<br><br>v.<br><br>RALPHS GROCERY COMPANY, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-02194-CJC-MRW<br><br>**PLAINTIFF ANTHONY BOUYER'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

PROPOUNDING PARTY:        RALPHS GROCERY COMPANY

RESPONDING PARTY:         ANTHONY BOUYER

SET NUMBER:               ONE

MANNING LAW, APC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Plaintiff incorporates his Preliminary Statement and General Objections as though fully stated herein. Plaintiff objects to this request as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1). Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information or documents protected by the attorney-client and/or work product privileges. Plaintiff objects to this request to the extent that it seeks discovery of documents beyond what are available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents. Plaintiff objects to this request to the extent it purports to require Plaintiff to produce documents beyond those in its possession, custody or control. Plaintiff objects to this request because premises is equally or more available to Defendant and its counsel. Plaintiff objects that this request is compound. Plaintiff objects on the basis that this interrogatory is duplicative and designed to harass and annoy Plaintiff. Plaintiff further objects to this request on the grounds it is premature as Plaintiff has not fully completed his investigation of the facts relating to this case, has not fully completed his discovery in this action, and has not fully completed his preparation for trial and cannot fully respond to this request at this time.

Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff is producing photographs, a receipt, and documentation identifying defendant. Discovery in this case is early and Plaintiff reserves the right to supplement his responses to this request for production.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS concerning YOUR claim that corrections of the alleged ACCESS barriers at the PREMISES are readily achievable.

MANNING LAW, APC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Plaintiff incorporates his Preliminary Statement and General Objections as though fully stated herein. Plaintiff objects to this request as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1). Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information or documents protected by the attorney-client and/or work product privileges. Plaintiff objects to this request to the extent that it seeks discovery of documents beyond what are available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents. Plaintiff objects to this request to the extent it purports to require Plaintiff to produce documents beyond those in its possession, custody or control. Plaintiff objects to this request because premises is equally or more available to Defendant and its counsel. Plaintiff objects that this request is compound. Plaintiff objects on the basis that this interrogatory is duplicative and designed to harass and annoy Plaintiff. Plaintiff further objects to this request on the grounds it is premature as Plaintiff has not fully completed his investigation of the facts relating to this case, has not fully completed his discovery in this action, and has not fully completed his preparation for trial and cannot fully respond to this request at this time.

Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff is producing photographs, a receipt, and documentation identifying defendant. Discovery in this case is early and Plaintiff reserves the right to supplement his responses to this request for production.

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS concerning YOUR visit(s), deterrence, use, or inspection of the PREMISES, including, but not limited to, any notes, photos or receipts.

MANNING LAW, APC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Plaintiff incorporates his Preliminary Statement and General Objections as though fully stated herein. Plaintiff objects to this request as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1). Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information or documents protected by the attorney-client and/or work product privileges. Plaintiff objects to this request to the extent that it seeks discovery of documents beyond what are available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents. Plaintiff objects to this request to the extent it purports to require Plaintiff to produce documents beyond those in its possession, custody or control. Plaintiff objects to this request because premises is equally or more available to Defendant and its counsel. Plaintiff objects that this request is compound. Plaintiff objects on the basis that this interrogatory is duplicative and designed to harass and annoy Plaintiff. Plaintiff further objects to this request on the grounds it is premature as Plaintiff has not fully completed his investigation of the facts relating to this case, has not fully completed his discovery in this action, and has not fully completed his preparation for trial and cannot fully respond to this request at this time.

Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff is producing photographs, a receipt, and documentation identifying defendant. Discovery in this case is early and Plaintiff reserves the right to supplement his responses to this request for production.

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS CONCERNING the construction, modification and/or alteration history of the PREMISES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Plaintiff incorporates his Preliminary Statement and General Objections as though fully stated herein. Plaintiff objects to this request as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1). Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information or documents protected by the attorney-client and/or work product privileges. Plaintiff objects to this request to the extent that it seeks discovery of documents beyond what are available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents. Plaintiff objects to this request to the extent it purports to require Plaintiff to produce documents beyond those in its possession, custody or control. Plaintiff objects to this request because premises is equally or more available to Defendant and its counsel. Plaintiff objects that this request is compound. Plaintiff objects on the basis that this interrogatory is duplicative and designed to harass and annoy Plaintiff. Plaintiff further objects to this request on the grounds it is premature as Plaintiff has not fully completed his investigation of the facts relating to this case, has not fully completed his discovery in this action, and has not fully completed his preparation for trial and cannot fully respond to this request at this time.

Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff is producing photographs, a receipt, and documentation identifying defendant. Discovery in this case is early and Plaintiff reserves the right to supplement his responses to this request for production.

**REQUEST FOR PRODUCTION NO. 17**

DOCUMENTS sufficient to IDENTIFY all lawsuits filed by YOU or on YOUR behalf that allege any violations of DISABILITY ACCESS LAWS.

MANNING LAW, APC

DocuSign Envelope ID: 12BDCB6C-AC78-47C6-B1A6-5D863F3500BF

## PLAINTIFF'S VERIFICATION

I, ANTHONY BOUYER, hereby verify that the foregoing responses to Responses to Defendant's Interrogatories, Set One and Responses to Defendant's Request for Production of Documents-Set One, propounded on me are true and correct.

Date : ___7/1/2020___

ANTHONY BOUYER

1

MANNING LAW, APC

## PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 20062 S.W. Birch St., Suite 200, Newport Beach, CA 92660.

On July 1, 2020, I served the true copies of the foregoing document described as **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES** on the interested parties in this action, addressed as follows:

**Served Via US Mail onto:**

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Gregory F. Hurley, Esq. Michael J. Chilleen, Esq. SHEPPARD, MULLIN, RICHTER & HAMPTON LLP 650 Town Center Drive, 10th Floor Costa Mesa, CA 92626 | ghurley@sheppardmullin.com mchilleen@sheppardmullin.com | Attorney for Defendants |

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 1, 2020, at Newport Beach, California.

Diana Lopez
_____
(Type or print name)


_____
(Signature)