# Exhibit B

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff ANTHONY BOUYER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual<br><br>Plaintiff,<br><br>v.<br><br>RALPHS GROCERY COMPANY, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-02194-CJC-MRW<br><br>**PLAINTIFF ANTHONY BOUYER'S RESPONSES TO DEFENDANT'S INTERROGATORIES** |

PROPOUNDING PARTY:    RALPHS GROCERY COMPANY

RESPONDING PARTY:    ANTHONY BOUYER

SET NUMBER:    ONE

possession, custody or control. Plaintiff objects on the basis that this interrogatory is duplicative and designed to harass and annoy Plaintiff.

Subject to and without waiving said objections, Plaintiff responds as follows: On or around February 2015, Plaintiff had an emergency surgery to remove a rare vascular tumor from his spinal cord. After the surgery, Plaintiff incurred a spinal cord injury, was paralyzed from the waist down, and became wheelchair dependent. Plaintiff must use a wheelchair for daily living and is a high functioning paraplegic.

**INTERROGATORY NO. 14**

State YOUR date of birth, driver's license number, and social security number.

**RESPONSE NO. 14**

Plaintiff incorporates the Preliminary Statement and General Objections as though fully stated herein. Plaintiff objects to this request as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. This Request is overbroad, burdensome, harassing, requests documents completely unrelated and irrelevant to this lawsuit. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit as defined by Rule 26(b)(1). Plaintiff objects on the basis that this interrogatory is duplicative and designed to harass and annoy Plaintiff.

Responding Party further objects to this request as requesting personal, private confidential information or other information protected under the right to privacy provided by Article I, Section 1 of the California Constitution, statutory rights to privacy, and common law privileges pertaining to the disclosure of personal and confidential information.

**INTERROGATORY NO. 15**

Describe, in specific terms, YOUR readily achievable barrier removal proposal for the PREMISES.

**RESPONSE NO. 15**

Plaintiff incorporates the Preliminary Statement and General Objections as though fully stated herein. Plaintiff objects to this request as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. This Request is overbroad, burdensome, harassing, requests documents completely unrelated and irrelevant to this lawsuit. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit as defined by Rule 26(b)(1). Plaintiff objects on the basis that this interrogatory is duplicative and designed to harass and annoy Plaintiff.

Subject to and without waiving said objections, Plaintiff responds as follows: There is a built up curb ramp that projects from the sidewalk and into the access aisle in violation of Section 406.5 of the 2010 ADAAG and the curb ramp is in excess of the maximum grade allowed in violation of Section 406.1 of the 2010 ADAAG. Plaintiff seeks an injunction that corrects these barriers to access.

**INTERROGATORY NO. 16**

State all facts supporting YOUR contention that is readily achievable to remove the barriers YOU allege exist in this action.

**RESPONSE NO. 16**

Plaintiff incorporates the Preliminary Statement and General Objections as though fully stated herein. Plaintiff objects to this request as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. This Request is overbroad, burdensome, harassing, requests documents completely unrelated and irrelevant to this lawsuit. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit as defined by Rule 26(b)(1). Plaintiff objects on the basis that this interrogatory is duplicative and designed to harass and annoy Plaintiff.

1  Subject to and without waiving said objections, Plaintiff responds as follows:
2  There is a built up curb ramp that projects from the sidewalk and into the access aisle
3  in violation of Section 406.5 of the 2010 ADAAG and the curb ramp is in excess of the
4  maximum grade allowed in violation of Section 406.1 of the 2010 ADAAG. Fixing a
5  curb ramp or providing an accessible premises is not financially infeasible and is
6  "readily achievable" for Ralphs, which is a very large supermarket chain.

7  **INTERROGATORY NO. 17**
8  For each policy, procedure, and/or practice CONCERNING DEFENDANT's
9  stores that YOU contend violates DISABILITY ACCESS LAWS, describe that policy,
10 procedure, and/or practice and specify the statute or regulation which YOU contend
11 that policy, procedure, and/or practice violates, and the specific injunctive relief YOU
12 seek regarding that policy, procedure, and/or practice.

13 **RESPONSE NO. 17**
14 Plaintiff incorporates the Preliminary Statement and General Objections as
15 though fully stated herein. Plaintiff objects to this request as overly broad, unduly
16 burdensome, vague, and ambiguous as it is not properly narrowed in scope. This
17 Request is overbroad, burdensome, harassing, requests documents completely
18 unrelated and irrelevant to this lawsuit. Therefore, Defendant seeks to expand
19 discovery beyond what is proportional to the needs of this case and the burden to
20 Plaintiff of the proposed discovery outweighs its likely benefit as defined by Rule
21 26(b)(1). Plaintiff objects to this request to the extent that it seeks discovery of
22 documents beyond what are available from a reasonable search of Plaintiff's files
23 likely to contain relevant or responsive documents. Plaintiff objects to this request to
24 the extent it purports to require Plaintiff to produce documents beyond those in his
25 possession, custody or control. Plaintiff objects on the basis that this interrogatory is
26 duplicative and designed to harass and annoy Plaintiff.
27 Responding Party objects to the extent this request seeks information subject to
28 the attorney-client privilege and/or attorney work product doctrine and/or any other